IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARIA LOPEZ, ) | CIVIL DIVISION |
| ) | |
| Plaintiff, ) | |
| v. ) | No. |
| ) | |
| PROGRESSIVE ADVANCED ) | |
| INSURANCED COMPANY, and JOHN ) | |
| DOES #1-39, ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

NOW, comes the Defendant, Progressive Advanced Insurance Company, by and through their undersigned attorneys, GORDON REES SCULLY MANSUKHANI LLP, and files this Notice of Removal pursuant to 28 U.S.C. § 1441, *et seq*. Defendant submits that the United States District Court for the Eastern District of Pennsylvania has original diversity jurisdiction over this civil action and that this matter may be removed to the District Court in accordance with the procedures provided at 28 U.S.C. § 1446. In further support of this Notice of Removal, Defendant states as follows:

1. Plaintiff Maria Lopez initiated this action by filing a Complaint in the Court of Common Pleas of Bucks County, Pennsylvania on October 17, 2025. A true and correct copy of the Complaint is attached hereto as Exhibit A.

2. On November 4, 2025, an Affidavit of Service was filed by Plaintiff. A true and correct copy of the Affidavit of Service is attached hereto as Exhibit B.

3. Upon information and belief, the documents attached hereto as Exhibits A and B constitute all of the pleadings, process, and orders which were filed in connection with the state court action.

4. Plaintiff is an adult individual residing in Bucks County, Pennsylvania.

5. Both at the time Plaintiff initiated this action and at the time of this Removal, Plaintiff was and is a citizen of Pennsylvania.

6. Progressive Advanced Insurance Company is not incorporated in Pennsylvania, nor does Progressive Advanced Insurance Company have its principal place of business in Pennsylvania.

7. Rather, Progressive Advanced Insurance Company is an Ohio corporation with its principal place of business located at 300 North Commons Boulevard Mayfield Village, Ohio 44143.

8. Both at the time Plaintiff initiated this action and at the time of this Removal, Progressive Advanced Insurance Company was and is a citizen of Ohio.

9. Plaintiff has also sued unidentified "John Doe(s) #1-39."

10. "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, citizenship of defendants sued under fictitious names shall be disregarded." See 28 U.S.C. § 1441(b)(1).

11. Plaintiff alleges that she is entitled to uninsured motorist benefits pursuant to an automobile insurance policy that provides $50,000 per person in uninsured motorist benefits, stacked by three vehicles, for a total of $150,000, subject to all terms and conditions of the Policy.

12. Plaintiff also alleges that Progressive violated Pennsylvania's bad faith statute, 42 PA. C.S.A. § 8371, and seeks interest, punitive damages and attorney's fees.

13. The Third Circuit Court of Appeals has held that "attorneys' fees are necessarily part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action." Suber v. Chrysler Corp., 104 F.3d 578 (3d Cir. 1997).

14. In <u>Suber</u>, the Third Circuit found that it was reasonable to assume that at least $10,000 in attorney's fees would be incurred for purposes of determining the amount in controversy.

15. Similarly, punitive damages are properly considered in determining the amount in controversy for the purpose of determining whether the jurisdictional amount has been satisfied. <u>See</u> <u>Packard v. Provident Nat'l Bank</u>, 994 F.2d 1039, 1046 (3d Cir. 1993).

16. Courts within the Third Circuit have held that removal is proper where punitive damages based upon a multiplier of the alleged compensatory damages is sufficient to meet the amount in controversy. <u>See</u> <u>Karlowicz v. Am. States Ins. Co.</u>, 2020 WL 6165303 (M.D. Pa. Sept. 18, 2020); <u>Hatchigan v. State Farm Ins. Co.</u>, 2013 WL 3479436 (E.D. Pa. July 11, 2013); <u>Harvey v. United States Life Ins. Co.</u>, 2008 WL 2805608 (E.D. Pa. 2008).

17. As Plaintiff alleges that she is entitled to insurance policy benefits in the total amount of $150,000.00, as well as punitive damages and attorney's fees, the amount in controversy exceeds the jurisdictional requirement of $75,000.00.

18. Because Plaintiff and Progressive are citizens of different states, and because the amount in controversy exceeds $75,000, exclusive of interests and costs, the United States District Court for the Eastern District of Pennsylvania has original diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

19. Section 1332 confers original jurisdiction over all civil matters where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

20. Progressive submits that this matter may be removed to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1441, which permits

removal of any civil action for which the District Courts have original jurisdiction.

WHEREFORE, Defendant, Progressive Advanced Insurance Company removes this civil action to the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1441.

Respectfully submitted,

GORDON REES SCULLY MANSUKHANI LLP

*/s/ Daniel J. Twilla*
Daniel J. Twilla, Esq. (PA I.D. 93797)
E-mail: dtwilla@grsm.com
Kylee M. Clark, Esq. (PA I.D. 329662)
E: kclark@grsm.com
707 Grant Street, Suite 3800
Pittsburgh, PA 15219
412-625-2694
*Co-Counsel for Defendant, Progressive Advanced Insurance Company*